# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-1473
Lower Tribunal No. 24-3508-CA-01

————————

## 569 NW 54th Street, LLC,
Appellant,

vs.

## City of Miami,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Oertel, Fernandez, Bryant & Atkinson, P.A., and Kenneth G. Oertel (Tallahassee); and Aubrey Rudd, for appellant.

George K. Wysong III, City Attorney, and John A. Greco, Chief Deputy City Attorney, for appellee.

Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

569 NW 54th Street, LLC ("Property Owner") appeals a final judgment of dismissal, which granted the City of Miami's ("City") motion to dismiss the complaint with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

"The standard of review of orders granting motions to dismiss with prejudice is de novo." Burgess v. N. Broward Hosp. Dist., 126 So. 3d 430, 433 (Fla. 4th DCA 2013).

On appeal, the Property Owner challenges the trial court's dismissal of the complaint with prejudice.

While a party can bring an action for inverse condemnation in the circuit court following administrative proceedings, "[t]he propriety of an agency's action may not be challenged in an inverse condemnation proceeding." City of West Palm Beach v. Roberts, 72 So. 3d 294, 298 (Fla. 4th DCA 2011) (quoting Dep't of Agric. & Consumer Servs. v. Polk, 568 So. 2d 35, 38 (Fla. 1990)). Here, we find the trial court properly determined the Property Owner's claim of uncompensated taking, as pled, was an impermissible collateral attack upon a prior agency action—that is, the determination by the City's Unsafe Structures Panel that the subject structure was unsafe and required demolition. As such, we affirm the trial court's dismissal of the complaint with prejudice for failure to state a cause of action. See Brevard

2

Cnty. v. Obloy, 301 So. 3d 1114, 1117 (Fla. 5th DCA 2020) ("A party dissatisfied with an enforcement board special magistrate's order can either appeal that order or choose to be bound by it.  However, it cannot initiate a collateral attack on that order by commencing a new action in circuit court.  Put differently, while the circuit court has appellate jurisdiction to entertain a timely appeal of a special magistrate's order regarding enforcement of building and fire codes, it lacks procedural jurisdiction to otherwise entertain a collateral attack upon that order concerning matters that could have been properly raised on appeal."); Rubano v. Dep't of Transp., 656 So. 2d 1264, 1266 (Fla. 1995) ("[W]here a government agency, by its conduct or activities, has effectively taken private property without a formal exercise of the power of eminent domain, a cause of action for inverse condemnation will lie.  Proof that the governmental body has effected a taking of the property is an essential element of an inverse condemnation action.").

Affirmed.